MAYER, Circuit Judge,
dissenting.
While I agree that trial courts should provide an express claim construction, I do not believe this case requires vacatur and remand. Instead, because the trial court would not have abused its discretion in granting the preliminary injunction under either party’s proposed claim construction, I would affirm.
We have recognized that the lack of an express claim construction by the trial court may require a remand in certain circumstances. See Graco, Inc. v. Binks Mfg. Co., 60 F.3d 785, 791 (Fed.Cir.1995). However, common sense dictates that if a likelihood of infringement is established under both parties’ proposed constructions, then the trial court did not abuse its discretion in granting the preliminary injunction, so long as all other criteria were met.* Cf. Toro Co. v. Deere & Co., 355 F.3d 1313, 1322 (Fed.Cir.2004) (affirming an infringement finding in the absence of an express claim construction because no claim construction was offered that would avoid infringement); Optical Disc Corp. v. Del Mar Avionics, 208 F.3d 1324, 1334 n. 4 (Fed.Cir.2000) (reviewing a noninfringement judgment on the merits based on a claim construction inferentially set forth by the trial court). Here, bearing in mind that the application of the claims to the accused device is a question of fact upon which we afford deference to the trial court, Bai v. L & L Wings, 160 F.3d 1350, 1353 (Fed.Cir.1998), I believe a finding of likelihood of infringement under either party’s proposed claim construction is fully supported.
It is clear from the evidence, as the court concedes, ante at---, that Shuffle Master established a likelihood of infringement under its own proposed construction. The disputed contention, however, is whether infringement was shown to be likely under VendingData’s proposed construction. VendingData contends that “a set of cards” means “a discrete hand or *870 part of a hand.” Under that construction, however, the trial court could have determined that the internal stack consisted of multiple sets, wherein each set consisted of no more than one hand of cards. This determination is possible since the claims clearly allow more than one set of cards within the apparatus. See U.S. Patent No. 6,655,684 claim 20 (requiring “at least one set of cards within the apparatus” (emphasis added)). Although the sets are not physically divided, they are arranged or organized in the internal stack.** Moreover, requiring that the sets be physically separated, such as placed into slots or trays as in the embodiment disclosed in the specification, would amount to reading a claim limitation into the claims from the specification. See Phillips v. AWH Corp., 415 F.3d 1303, 1323 (Fed.Cir.2005) (“[A]l-though the specification often describes very specific embodiments of the invention, we have repeatedly warned against confining the claims to those embodiments.” (citations omitted)).
This understanding is further supported by the fact that the PokerOne recognizes each set within the internal stack as separate and distinct. In particular, the PokerOne delivers the first set, which is a single hand of cards, from the internal stack to the output tray. After the first hand is removed from the output tray, a second set, which also constitutes a single hand of cards, is delivered to the output tray. Therefore, a factual determination by the trial court that the PokerOne is likely to infringe under VendingData’s construction is not reversible error.
Finally, despite VendingData’s arguments to the contrary, I believe that Shuffle Master sufficiently established the remaining criteria necessary for a preliminary injunction, including irreparable harm. In particular, Shuffle Master presented evidence that its commercial product under the patent accounts for 50% of its business and that VendingData sought to significantly decrease pricing. This evidence is sufficient to support a finding of irreparable harm and the remaining factors are not challenged on appeal. Therefore, bearing in mind that “[t]he decision to grant a preliminary injunction is within the sound discretion of the district court,” Ranbaxy Pharms., Inc. v. Apotex, Inc., 350 F.3d 1235, 1239 (Fed.Cir.2003) (citations omitted), I dissent.

 Although the trial court must independently construe the claims and may reject either party’s proposed claim construction, it appears that the only possible constructions here are those alternatives argued by the parties.

 After the trial court issued its injunction, the magistrate conducted a claim construction analysis and issued his recommendations to the district court. VendingData Corp. v. Shuffle Master, Inc., No. 04-1373 (D.Nev. Sept. 26, 2005) (Report & Recommendation). Although these recommendations were not before the trial court when issuing the preliminary injunction and have not yet been accepted by the trial court, it is worth noting that the parties appear to have agreed that "forming” means "create” where "create” includes "arranging,” "organizing,” and "ordering.” Id. at 4 n. 1.